May it please the court, Kenneth Carpenter appearing on behalf of Kenneth Brown. The issue in this case is whether or not the Veterans Court heard as a matter of law when it failed to consider or apply its own rule of law that was established in one of its earliest seminal cases in its jurisprudence, Akles v. Derwinski. In this case, on February 19th, the VA awarded to Mr. Brown special monthly compensation based upon his need for aid and attendance and assigned an initial effective date of 2017. When that effective date was assigned, the VA was relying upon the statutory and regulatory provisions for the assignment of an effective date based upon the date of the claim. Therefore, that is the only consideration that was made by the VA and the board at the time in which they considered the matter of effective date. Mr. Brown appealed that decision and eventually got an intervening decision in which he got an earlier effective date assigned prior to the date of the original claim going back to December 20th of 2016. That is in the record at Appendix 108 to 116. Five years earlier, the VA had received two statements from Mr. Brown's wife and his daughter in June of 2010 that were prepared in connection with his claim for Social Security benefits which described the impact of his Social Security service-connected disabilities on his need for aid and attendance for his daily functioning from others. Moreover- Now, those statements, were they outside of the one-year period that applies to evidence that's available to the VA prior to- Yes, they would have been, Your Honor, because they would have, in fact, predated the date of his formal claim for aid and attendance which was in 2017. So, doesn't that effectively disqualify those statements from being evidence that counts for purposes of determining what's before the board? Generally, they would, Your Honor, but in the context of special monthly compensation, they do not. And that's why the rule of law established in AGLES is so important because the Veterans Court in AGLES clearly said that the board has a duty to assist claimants in developing facts pertinent to a claim under the duty to assist statute and that the second obligation is the duty to distribute full information as to veterans' eligibility in regards to those services. And therefore, later in the court's jurisprudence, it indicates that no claim is required for special monthly compensation. And therefore, the assessment is based upon the evidence that is before them. And this evidence was in the record and should have been considered at some time when the issue of effective date was presented. And it was litigated for a few decades as to determine what the appropriate effective date is. By the time this case got to the board, the board certainly had that evidence in front of them and they relied only upon the date of receipt of that information in 2016. The irony of which is that that evidence also predated the March 17 formal application. And therefore, the evidence, the record before the agency, implicated the rule of law in AGLES and should have been applied. Before the Veterans Court, the appellant represented by other counsel relied upon the VA's receipt of the TDIU application in 2009 as having raised this issue. But the decision in this case, what Judge Falvey did in the case below, was to shift the burden to Mr. Brown to present evidence, to point to evidence in the record that would have said that his TDIU application or any other evidence would have implicated special monthly compensation. Well, now, I didn't understand the CAVC as having adopted a different position from ACLES or Percivali, because they seem to say that it is not required that the veteran actually make the claim as long as the record evidence would support such a claim. Is that your reading of what the CAVC said? Yes, Your Honor, but that has to do with making the claim. Clearly, Mr. Brown has been seeking for two decades to get an earlier effective date for the award of his SMC benefits based on aid and attendance. In that process, the board was required by statute to apply all potentially applicable provisions of law, which would have been ACLES. If they had done so, then they would have examined that 2014 evidence along with the evidence of TDIU to determine whether or not it reasonably raised the need for SMC. In this case, we're dealing with a situation in which the VA agrees from December 2016 that the veteran was entitled to those benefits. Another thing that's indisputable in this record, and has been indisputable over the entire 20 years of this litigation, is that Mr. Brown had a 60% rating from 1995 for his TDIU rating from 2011. He had a sleep apnea rating at 50% from December 2016. Let me just be time short. Where is the legal issue here? What is the statute, the question for us? What is the question of law before us? Whether or not under the rule of law created by the Veterans Court, did the Veterans Court have an obligation to apply that rule, and to require in that application of that rule the board apply that rule? Because under 7104, the board was obligated to apply all potentially applicable provisions of law. The rule that you're saying, you're saying the error in the law is that there was a rule they should have, and the rule was? Is in ACLS, and that ACLS requires the examination by the VA, that the burden to search that record is on the VA when the evidence is in the record, and the issue is reasonably implicated. Now, here we're not talking about implicated to grant a benefit. We're talking about whether or not a benefit should have been granted at an earlier date, if the VA had taken the obligation under ACLS. But the CAVC, in its decision, they know that Mr. Brown didn't submit these 2014 statements to the VA, that he did in April of 2018. Correct. So, but you're saying they were in the record in 2014? No, Your Honor. They were in the record during the course of the proceedings to determine what the appropriate effective date was. When were they actually submitted for the first time to the VA? I believe it was 2018, Your Honor. 2018, okay. I'm sorry. It was after 2014, the date that they were created, about two years later. That would have been 2016, not 2018. Okay. It was more than one year after they were created. Oh, yes, Your Honor. The one-year provision under 3.156B would not apply in this case. Right. So, is that part of your legal claim as well? What you just said, that the one-year limitation does not apply in SMC, I guess? Is that your contention? In terms of the VA's obligation to, without application, explore entitlement to SMC when the evidence of record, and the evidence was in the record during the course of this appeal, and regardless of when it was submitted, it was dated in 2014, so they knew the date on which. Okay. So, now I'm starting to understand maybe what your argument is. It's not disputed that it didn't come into the record before the VA until 2018. Correct. But you're saying because it was dated 2014, it should have been considered as of the 2014 day? Yes, Your Honor, because they had an obligation under ACLES to adjudicate the entitlement to SMC based upon evidence in the record. And since you do not need a formal claim to establish entitlement to SMC, the determination is when the veteran became eligible for the benefit. And the veteran became eligible for at least consideration of the benefit. All we're asking for is a decision that he is or isn't entitled to it under the ACLES criteria. If they had addressed that issue, then we could have argued that the evidence supported an award. But they refused to adjudicate. And so, are you saying as part of the duty to assist the veteran in the context of SMC, they have an obligation to consider all the evidence regardless of when it comes into the record and regardless of the date that it was created? That's correct. That's my view of how the rule of law operates. And have we said that before? No, Your Honor. And I don't believe other than in the line of cases that deal with 3.103a for the duty to maximize, has the court addressed that, but they've yet to address it in this particular context. And I'm sorry if this is redundant, but I think this circles back to a question that Judge Bryson had, and I didn't understand the answer. It seems to me the problem is that 2014 was more than one year before anything even resembling a claim was filed. And you're saying in this context that doesn't matter? That's correct, Your Honor. That is the rule of law in ACHELS, that there is an obligation when the evidence raises it. In ACHELS, it was, was that evidence that was already in the record sufficient to do it? And what the Veterans Court did in ACHELS was to send it back to do this exact analysis. But as I understand ACHELS, it did not involve the one year. It did not, Your Honor. No. Thank you. Excuse me. Good morning, Your Honor. May it please the court. I think everyone in this case agrees, including the Veterans Court, that a Veteran is not required to say the words special monthly compensation or aid in attendance in order to sort of implicate the VA's obligation to investigate that entitlement. Everybody agrees that the Secretary's obligation to consider whether a Veteran is, you know, may be eligible for special monthly compensation when that issue is reasonably raised by the record or can be reasonably inferred from the evidence before the VA. So the timeline is Mr. Brown notified VA that he intended to submit a request for an attendance and sort of an inquiry as to why it wasn't previously granted in 2016. He then followed that up with an actual submission in 2017, which is when his sworn declaration states that he submitted the prior declarations that were prepared for the Social Security Administration in 2014. The face of the records appear to indicate that those were not actually received at VA until 2018. I think as the Veterans Court correctly recognized, that doesn't matter because what the factual finding was that was made by the VA and that was left undisturbed by the Veterans Court is that the earliest time that sort of it was either factually ascertainable, was one of their findings, was December 2016, but also alternatively, that the record didn't sort of implicate, it didn't reasonably infer on this record that Mr. Brown needed the level of assistance that would implicate aid in attendance, special monthly compensation until December 2016. And it's in 38 U.S.C. 5110, which is the effective date statute, B-3 specifically because this is an award for increased compensation, right? Special monthly compensation is an increase in the amount of money that we pay you based on different, there's different flavors of special monthly compensation,  and that an effective date of an award of increased compensation shall be the earliest date of which it is ascertainable that an increase in disability had occurred if application is received within one year of such date. So in other words, you get a year grace period. Once you need the additional assistance, you don't have to notify VA about it right away in order to get the benefit of that date. You can let VA know within a year, and we'll go back to the date when it's factually ascertainable. But if it becomes factually ascertainable more than a year out, but you don't sort of raise it and bring it to VA's attention until a year later, then the effective date becomes when it is actually raised with VA. So tell us the date here. So what are we talking about here? So here, December 20, 2016, which is the effective date that Mr. Brown currently has, the RO and the board found that that was both the earliest date in which it was factually ascertainable and also the date on which he reasonably raised it to put VA on notice of it. So in this case, those dates are one and the same. The Veterans Court sort of observed that it didn't hold the conclusion that that was the earliest factually ascertainable date was clearly erroneous, but it observed that even if the submissions that were put in in 2018 that went back to 2014, if that had been the earliest factually ascertainable date, it still wouldn't change the effective date because Mr. Brown didn't put VA on notice of need for that kind of care until more than a year after 2014. Okay. And I guess, as I recall, Mr. Carpenter's argument is that that section isn't applicable to these circumstances? And there's just nothing in the law that suggests that. In fact, B-3... And does ACLS deal with that at all? ACLS does not deal with that at all. ACLS, frankly, is a very fact-bound decision. At the end of the day, I think much as everyone agrees that the VA's obligation is to look at special monthly compensation when it is reasonably raised by the record, I think we also all agree that that's not going to be the case for every veteran and every record and every situation. And so what we're left here with is a quintessential fact question of whether Mr. Brown's record and whether the evidence before the VA in Mr. Brown's case before December 2016, which is his current effective date, reasonably raised or reasonably implicated his need for these kinds of benefits. Well, but there's a legal question, is there not, that's implicated by Mr. Carpenter's argument that the one-year grace period does not apply to SMC slash ANA. I think that's the argument that he's pressing today, and that sounds like a legal argument to me. Now, you may do disagree with that legal argument, but that doesn't sound like a factual question. It's a legal argument, right? So I think phrased that way, I think that sounds much more like a legal argument. I agree with that. I think, unless I'm misunderstanding him, that that's the way he was phrasing it. I don't think that argument is in his briefs, and I think that argument is unsupported in the law. But it would be enough to provide us with, for example, jurisdiction. I think potentially, yes, the court would have jurisdiction to reject that idea, but I'm not sure it's properly raised in these briefs. I do understand, because I understood the argument he was making, that the CABC erred by requiring you to have an explicit request for SMC entitlement before 2016. So it was more this dispute over an explicit misrequirement. Is that the way you understood what was presented on the briefs? I think so. I think really what the briefs highlight is a factual dispute of whether this record actually raises SMC entitlement before 2016. And to be clear, on that version of the argument, the Veterans Court was explicit that it did not take that position. On appendix page seven, the Veterans Court explicitly recognized that it is conceivable that a request for TDIU, alleging symptoms outlined in section 3.352A, which is the regulation that defines aid and attendance benefits for SMC, could, emphasis the Veterans Court, implicitly raise the issue of entitlement to SMC for aid and attendance. But the Veterans Court also observed in that same paragraph that an inability to secure or follow substantially given employment does not necessarily imply a need, an inability to perform the basic daily functions unassisted. So they absolutely recognized what Akles applied and said, that you can have a claim for SMC without literally saying the words SMC. What they affirmed and left undisturbed was the Board's factual determination that this record did not do so until 2016. You've covered this already, I think, in your response to Judge Prost's question. But just to make sure I understand, since this is, well, at least it wasn't spelled out in great detail in the briefing. But when, in your view, did the grace period, the one-year grace period begin and after one year end? The evidence that we're talking about, which is the evidence that was initially submitted to the Social Security Administration and ultimately found its way to the VA. Right. So I think given the Board's finding that the first implication, the first time that VA was put on notice that aid and attendance might be at issue here was December of 2016. The one-year grace period for factually ascertainable would be the year before that. So potentially December of 2015. And that would be for, like, if you were to go back and say, like, yes, you told us that I need this level of assistance now, but in fact we can see that you started needing that level of assistance within that one-year period before you came and told VA about it, that 5110B3 would let us go back up to one year if that's where it's factually ascertainable. Exactly when? 15? Yeah. 2015? December 2015. I think would be the most you could go back for. Okay. And that when you say you go back, what we're saying is that he had to have, during that one-year period, he had to have provided that evidence to the VA? No. What was it exactly that he has to have done during that one-year period? So he doesn't have to do anything during that one period. That one period, look-back period, is whether it is factually ascertainable that he needed that level of assistance. I shouldn't have said he had to do it. Yeah. So it has to have been factually ascertainable during that period. Correct. And during that period you're saying that information is not presented to the VA? No. What I'm saying is that the VA in this case made two factual findings, and each one is sort of independently dispositive. I think on the effective date question here. Because what the RO and the Board found was that December 2016 was also the earliest date that it was factually ascertainable that Mr. Brown needed that level of assistance. So VA's factual finding was that before December 20, 2016, which is his current effective date, he did not need the level of assistance that is necessary to qualify for aid and attendance, special monthly compensation. There is that dispute as to whether the evidence from 2014 and those declarations could have supported sort of a different factually ascertainable date. But the VA actually in this case found that he did not, as a factual matter, need the level of assistance until December 2016. So now I'm a little confused. Are you saying one of two things. Are you saying either during the one-year period before 2016 he needed to submit the information that he had previously submitted to the Social Security Administration, or are you saying he needed to update that information and then submit it or have it find its way into the record before the VA? So neither. What I'm saying is that in this case, the Board ultimately found that he needed that level of assistance not based on those 2014 declarations. So they concluded that when they looked at the totality of the evidence, that in 2014 he didn't actually need that level of assistance. And so what the grace period gives you is that assuming you need the level of assistance that would qualify you for benefits, you have a year after that point to notify VA, and we will give you an effective date that goes back to when you actually started needing the assistance even though you didn't submit the documentation. I didn't really see the argument about this one year in the brief. So what is your understanding of what the argument was in the brief? I think the argument in the brief was that the Veterans Court did not sufficiently appreciate that you can have an entitlement be inferred by the record even if it's not explicitly raised. And your position? Is that the Veterans Court absolutely appreciated that and applied to that rule of law, and what's left here is a factual dispute about what this record actually showed for Mr. Brown, and that is beyond the scope of this court's jurisdiction. I vote for two in my guesses. Let me try to see if you can tell me what needed to happen during that one-year period in order for him to be eligible to get an earlier date. He needed to have reached the level of needing the level of assistance that he was able to care for himself. I think the... Well, in terms of what had to be in the record, what needed to be in the record. There needed to be evidence that he needed that level of assistance during that year. So it's a factual... That is also a factual dispute that Mr. Brown has with VA as to whether he actually needed that level of assistance before December 2016. Thank you. Thank you. To clarify, Your Honor, our averment of error is that the Veterans Court erred as a matter of law when it determined that the VA had no obligation to consider the implicit or inferred, under the language used in Akles, SMC claim because Mr. Brown did not raise it explicitly, and that is simply contrary to the rule of law in Akles. There is no explicit requirement. You don't even have to... And can you just point us in the VA, just in the CABC decision, where are you seeing that it imposed such an explicitness? Appendix 7 to 8. Are you talking about line 4 of page 7, where they say it... I'm sorry, 7 to 8. Oh, yeah. Line 4, starting with line 2 through 4. He does not explain how the issue... But that's, as I read it, that's his failure to explain to the CABC where there was this evidence in the record, not saying he didn't explain to the board why he needed this assistance. But since the board... He does not explain, the CABC is saying what he has not done with respect to his presentation to them. Right, Your Honor, but that's why the issue is framed in terms of whether or not the Veterans Court erred by not considering its own rule of law that has a different legal standard in which no explicit claim needs to be filed, no explicit pointing to evidence needs to be done. Well, all they're saying here is he does not explain, so how the issue of SMC was raised during the adjudication. Does that indicate how explicit it has to be? Well, Your Honor, it's contrary to the rule of law in Akles. Akles clearly says that the veteran need do nothing, that the entire burden is on the VA, and that the obligation here under this rule of law is imposed upon the VA. If this court will examine the decision in Akles, the Veterans Court literally stopped the proceedings and said, here's where the evidence is in the record, and here's the obligation that you have, and we're sending it back to you, board, to do that. And that's what the Veterans Court should have done in this case, because that evidence in 2014, regardless of when it was submitted, was in the record of proceedings before the board when the board made its decision on effective date. Unless there's further questions, Your Honor. Thank you very much for your time.